# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-41153

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2015

Lyle W. Cayce
Clerk

LANA PUCKETT,

Plaintiff - Appellant

v.

CLARKSVILLE INDEPENDENT SCHOOL DISTRICT; TONYA NELSON;
RANDI SAVAGE,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:11-CV-160

Before STEWART, Chief Judge, and JONES and GRAVES, Circuit Judges.

PER CURIAM:*

The court has carefully considered this appeal in light of the briefs, the district court's opinion denying a new trial, and pertinent portions of the record. We find no reversible error of fact or law and therefore AFFIRM the judgment.

Puckett sued on behalf of a young man who was sexually molested by a teacher in the Clarksville ISD. The defendants included the district, Principal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41153

Nelson and the molester Randi Savage. Savage is now serving a prison sentence for her criminal misdeeds. At trial, the jury was called on first to determine whether Savage acted "under color of law" when she sexually abused the victim. The jury found against Puckett on this issue, which had to be resolved in her favor as a predicate for liability of the other defendants. Additionally, however, the jury found that Principal Nelson was not deliberately indifferent to the violation of D.W.'s constitutional rights and that no person in Clarksville ISD had knowledge of the abuse and failed to take proper corrective measures. When Puckett sought a new trial, the district court denied it on the ground that the jury had evidence going both ways on whether Savage acted "under color of law." As a result, it could not be concluded that the jury verdict was against the great weight of the evidence.

We have reviewed the trial court's denial of a new trial for abuse of discretion. *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992). The district correctly noted the factual dispute on the color of law issue and cited the applicable legal authorities. Critical here are the facts that D.W. was never a student of this teacher, and indeed, their relationship began and grew on Facebook and social media outside of school. The jury could also find that although Savage and D.W. had contact at school, a majority of the abusive conduct occurred off-campus and outside of school time. Whether or not this court would have decided the issue similarly is not relevant, because the jury's verdict is determinative where, as here, there was conflicting evidence.

Puckett's additional issue concerning the scope of a new trial is mooted by the foregoing discussion. **AFFIRMED.**

2